**In re Richard John FLORANCE, Jr., Relator.**

No. 05–12–00713–CV.

Court of Appeals of Texas, Dallas.

Aug. 9, 2012.

Richard John Florance Jr., Richardson, TX, pro se.

John B. Worley, Attorney General Office, Child Support Division, Austin, TX, Brenda Taylor, Plano, TX, Robert J.

Davis, Dallas, TX, Greg Willis, McKinney, TX, for Real Party in Interest.

Before Justices O'NEILL, FRANCIS, and MURPHY.

## OPINION

Opinion by Justice MURPHY.

Relator contends the trial judge erred in rendering an order on October 14, 2010 declaring him a vexatious litigant after the court's plenary power had expired. We originally issued a memorandum opinion denying relator's requested relief. On the Court's own motion following relator's motion for rehearing en banc, we vacated that order on July 26, 2012 and requested responses from real parties in interest and respondent, the Honorable Mark Rusch. Real party in interest Brenda Taylor and respondent filed separate responses on August 6, 2012, each claiming the trial court had inherent power to grant the motion after the trial court's plenary jurisdiction had expired. We conclude the trial court lacked jurisdiction to declare relator a vexatious litigant after its plenary power expired on September 7, 2010 and the October 14, 2010 order is void. We conditionally grant mandamus.

■■■ To obtain mandamus relief, relator must show both that the trial court abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Relator has met that burden.

This Court previously addressed the finality of the trial court's order dismissing relator's petition for bill of review in the underlying case. *See Florance v. State,* 352 S.W.3d 867 (Tex. App.-Dallas 2011, pet. denied) (*Florance I* ). The back-

ground facts and orders in that case are detailed in *Florance I.* We therefore limit our recitation of facts to information necessary to resolve relator's request for mandamus relief.

We concluded in *Florance I* that the trial court's August 5, 2010 order dismissing relator's amended petition for bill of review was a final order. *Id.* at 874. This Court also observed that the only postjudgment motion filed within thirty days of that order was real party in interest's motion to declare relator a vexatious litigant and concluded that the motion did not extend the trial court's plenary jurisdiction. We reasoned that the motion "did not seek modification, correction, or reformation of the trial court's judgment and did not otherwise request a substantial change of the trial court's judgment." *Id.* As a result, we dismissed relator's appeal from the trial court's dismissal order for lack of jurisdiction. *Id.* at 874–75. Because it was not dispositive of the appeal in *Florance I,* we did not reach real party in interest's argument that the trial court had the power to protect and enforce its orders and judgments and therefore had the continuing power to declare relator a vexatious litigant. *Id.* at 874 & n. 5. We noted, however, that any judicial action taken after expiration of the trial court's plenary jurisdiction would be void. *Id.* Relator relies on this Court's notations in *Florance I* in seeking mandamus relief to require the trial court to vacate the "void" October 14, 2010 order.

■■ Orders entered after the trial court loses plenary power are void. *Id.* An exception is the trial court's inherent power to enforce its judgments. *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex.1982); *see also* TEX.R. CIV. P. 308 ("court shall cause its judgments and decrees to be carried into execution"), 621a (post-judgment discovery and enforcement of judgment). That pow-

er includes anti-suit injunctions. *Bridas Corp. v. Unocal Corp.*, 16 S.W.3d 887, 889 (Tex.App.-Houston [14th] Dist.2000, pet. dism'd w.o.j.). Real party in interest's motion to declare relator a vexatious litigant does not meet this exception for enforcement of a trial court's judgments and decrees.

The vexatious litigants statute provides a mechanism to restrict frivolous and vexatious litigation. *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex.App.-Dallas 2009, pet. denied); *see also* TEX. CIV. PRAC. & REM.CODE ANN. §§ 11.001–.104 (West 2002 & Supp.2012). That statutory mechanism applies to "litigation." *Id.* § 11.001(2). Litigation is a defined term and means "a civil action commenced, maintained, or pending in any state or federal court." *Id.* The statute by its terms does not apply to post-judgment proceedings. Rather, a motion must be filed in a pending case. At the time real party in interest filed her motion to declare relator a vexatious litigant, the case had been dismissed. *Florance I*, 352 S.W.3d at 874.

Relator relies in part on cases involving a trial court's inherent power to order sanctions. A court's inherent powers to manage its docket and to render sanctions are not synonymous with plenary jurisdiction. Specifically, sanctions orders issued after the trial court's plenary jurisdiction expires are void. *See Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 & n. 2 (Tex.1996); *see also Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 96–97 (Tex.2009) (per curiam) (holding sanctions order signed after dismissal order was not void because dismissal was not final order and trial court still had plenary jurisdiction).

The parties to this original proceeding agree, and this Court has conclud-

ed, the trial court's plenary jurisdiction had expired at the time the court issued the vexatious litigant order. *See Florance I*, 352 S.W.3d at 874 & n. 5. The vexatious litigant statute applies to pending litigation and it does not purport to be a statute designed for enforcement of judgments or orders—it is designed to prevent a person declared to be a vexatious litigant from proceeding with a lawsuit until that person posts security for costs. *Drum*, 299 S.W.3d at 365. Accordingly, the trial had no jurisdiction to issue its October 14, 2010 order and that order is void.

A trial court has the duty to vacate a void judgment at any time and has no discretion to refuse to do so. *Thomas v. Miller*, 906 S.W.2d 260, 262 (Tex.App.-Texarkana 1995, orig. proceeding). When a trial court erroneously concludes as a matter of law that it has subject-matter jurisdiction and enters an order that is void, the order is subject to appellate review by way of mandamus. *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 434 (Tex.App.-Dallas 1988, orig. proceeding); *see also Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973) ("In view of our policy for at least a decade of accepting and exercising our mandamus jurisdiction in cases involving void or invalid judgments of district courts, Relator had every reason to expect relief from the void judgment in this case without first attempting an appeal."). As this Court held in *Florance I*, relator has no remedy by appeal. We therefore conditionally grant mandamus. Respondent is directed to vacate the October 14, 2010 order declaring relator to be a vexatious litigant. A writ will issue only in the event respondent fails to vacate that order.