**Appeal Dismissed, Petition for Writ of Mandamus Conditionally Granted, and Memorandum Opinion filed June 3, 2014.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-14-00235-CV

---

**ALI CHOUDHRI, Appellant**

**V.**

**LATIF & COMPANY A/K/A ABDULLATIF & COMPANY, L.L.C., OSAMA ABDULLATIF, INDIVIDUALLY, OSAMA ABDULLATIF A/K/A LATIF & COMPANY, ELBAR INVESTMENTS, INC. AND VINCENT BUSTAMANTE, Appellees**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-27731**

---

## NO. 14-14-00236-CV

---

**IN RE ALI CHOUDHRI, Relator**

## MEMORANDUM OPINION

On March 24, 2014, relator Ali Choudhri filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Alexandra Smoots-Hogan, presiding judge of the 164th District Court of Harris County, to vacate an order precluding relator from arguing in litigation pending before the 190th District Court of Harris County that a judgment rendered by the County Civil Court at Law No. 4 of Harris County operates as res judicata or collateral estoppel with respect to claims concerning a particular parcel of real property. Concurrently with the filing of his petition for writ of mandamus, relator also filed a notice of appeal with respect to the same order. We conditionally grant relator's petition for writ of mandamus and dismiss the appeal as moot.

### BACKGROUND

Relator Ali Choudhri and real party in interest Osama Abdullatif engaged in a number of complex business transactions, primarily involving real estate, that subsequently have become the subject of multiple legal proceedings before different Harris County trial courts and this Court. This original proceeding and appeal concerns a discrete issue related to a subset of the litigation between the

2

parties—specifically, the intersection of three different trial court cases and a settlement agreement entered into to resolve a fourth case.

### The Settlement Agreement

In January 2011, Choudhri and Abdullatif executed a settlement agreement (the "Settlement Agreement") to resolve litigation pending in the County Civil Court at Law No. 3 of Harris County. The Settlement Agreement set forth a number of obligations the parties were to take with respect to various real estate transactions. Only two paragraphs of this agreement are germane to the pending matter. The first of the two relevant paragraphs (Paragraph 8 of the Settlement Agreement), concerns property located at 35 E. Rivercrest Drive, Houston, Texas (the "Rivercrest Property"), and provides: "[Abdullatif] agrees to execute any documents or deed necessary to complete the conveyance of the 25% interest in [the Rivercrest Property] to [Choudhri.] [Abdullatif] acknowledges that [Choudhri] has already provided full consideration for this 25% interest in this property and owns 25% of this Property." The second relevant paragraph (Paragraph 10 of the Settlement Agreement) required Choudhri to pay Abdullatif $1.975 million within 60 days of the execution of the agreement.

### The Agreed Final Judgment in the 164th District Court

After the execution of the Settlement Agreement, Choudhri filed suit to request partition of the Rivercrest Property. That case was assigned to the 164th District Court of Harris County. Choudhri later amended his suit to include additional claims. On July 11, 2013, the 164th District Court entered an agreed final judgment ("Agreed Judgment") resolving that case. The Agreed Judgment ordered the purchase by Choudhri of the remaining un-owned percentage of the

3

Rivercrest Property, subject to various terms and conditions. The Agreed Judgment included a paragraph providing for a mutual release by Choudhri and Abdullatif of all claims relating to the Rivercrest Property. However, the paragraph immediately following the release language provided limited exceptions to the waiver of claims. As relevant here, the carve-out paragraph states:

> Notwithstanding the foregoing . . . . Choudhri and Abdullatif expressly reserve to themselves any and all claims they might have against one another . . . , including, but not limited to, any claims related to or pertaining to that certain Settlement Agreement dated January 22, 2011 . . . . For the avoidance of doubt, the dismissal provided for in this Agreed Final Judgment shall not prevent Choudhri from contending that Abdullatif breached the Settlement Agreement dated January 22, 2011 by his conduct regarding the [Rivercrest] Property; provided however that Choudhri will not assert any claim for money damages related to the [Rivercrest] Property arising from such breach.

### *Summary Judgment in the County Civil Court at Law No. 4*

Contemporaneously with the litigation in the 164th District Court, Choudhri and Abdullatif also were involved in litigation before the County Civil Court at Law No. 4 of Harris County. The original nature of the litigation in Court No. 4 concerned a dispute regarding a corporate entity known as Erpile, LLC, one of the many entities affiliated with the parties. Although not originally a party to the action in his individual capacity, Choudhri subsequently intervened. In an amended petition in intervention, Choudhri sought a declaratory judgment that the January 2011 Settlement Agreement is "valid and enforceable" and that the Settlement Agreement was breached by Abdullatif prior to the date Choudhri was obligated to pay the $1.975 million to Abdullatif under the terms of the Settlement Agreement.

4

After the 164th District Court entered the Agreed Final Judgment, Choudhri filed a motion for summary judgment in Court No. 4, arguing that Abdullatif committed the first material breach of the Settlement Agreement by failing to provide Choudhri with a deed representing his 25% ownership interest in the Rivercrest Property, as provided by Paragraph 8 of the Settlement Agreement. This alleged breach, Choudhri argued, excused him from having to pay Abdullatif the $1.975 million owed under Paragraph 10 of the Settlement Agreement. Abdullatif filed pleadings in response.

The trial court granted summary judgment in Choudhri's favor in November 2013. In its order, the court stated that the Settlement Agreement is valid and enforceable, that Abdullatif committed the first material breach of the Settlement Agreement, and that, as a result of that breach, Choudhri was excused from performing any further obligations under the Settlement Agreement. In December 2013, the trial court granted final summary judgment in favor of Choudhri (and the original corporate plaintiff, Erpile, LLC). In that final judgment, the trial court reiterated its earlier grant of summary judgment in favor of Choudhri.[1]

---

[1] Abdullatif has appealed the final judgment in the Court No. 4 litigation. That appeal is pending before this Court. We express no opinion on the merits of Abdullatif's appeal in the context of this original proceeding and appeal.

*Res Judicata and Collateral Estoppel Arguments in the 190th District Court*

The last litigation at issue here is a suit currently pending in the 190th District Court of Harris County. Among the various claims at issue before the 190th District Court, Abdullatif asserts the Settlement Agreement should be rescinded because Choudhri materially breached its terms by failing to pay Abdullatif the $1.975 million required by Paragraph 10, because of fraud by Choudhri, and because the terms of the agreement are unconscionable. Pleading in the alternative, Abdullatif argues that the Settlement Agreement is a valid and binding contract, and that Choudhri breached by failing to pay the amounts due. In recent pleadings, Choudhri alleges he was excused from the $1.975 million payment because of Abdullatif's breach of the Settlement Agreement in failing to provide financing for certain real estate projects and failing to provide a deed for the Rivercrest Property. These breaches, Choudhri asserts, caused him damages in the form of increased financing charges and lost profits.

In January 2014, Choudhri filed a motion for partial summary judgment based on res judicata and collateral estoppel stemming from the final judgment entered by the County Civil Court at Law No. 4. Choudhri argues that many of the issues pending in the 190th District Court are resolved as a result of the Court No. 4 judgment, thus narrowing the issues in dispute in the pending litigation. Choudhri's assertion of res judicata and collateral estoppel also are set forth in recent pleadings post-dating the Court No. 4 judgment. Choudhri's summary judgment motion remains pending with the trial court.

## *The Challenged Order*

On January 30, 2014, shortly after the filing of Choudhri's motion for partial summary judgment in the 190th District Court, and over six months after the Agreed Judgment was entered, Abdullatif filed a motion for enforcement of the Agreed Judgment in the 164th District Court. In his motion, Abdullatif argued that Choudhri intentionally violated the Agreed Judgment by prosecuting a claim in Court No. 4 that was precluded by the terms of the Agreed Judgment, obtained a final judgment from Court No. 4, again in contravention of the Agreed Judgment, and now was seeking to use that ill-gotten final judgment to argue res judicata and collateral estoppel in the 190th District Court.

Specifically, Abdullatif argued that the terms of the Agreed Judgment only preserved the ability for Choudhri to make a factual contention about the Rivercrest Property in a defensive manner, but not to make an affirmative claim. Abdullatif argued that Choudhri's argument for summary judgment in Court No. 4 was based on the very assertions he released in the Agreed Judgment. Also, because the effect of the Court No. 4 judgment was to relieve Choudhri of his obligation to pay the $1.975 million owed, Abdullatif argued that Choudhri's summary judgment motion constituted a claim for monetary damages in violation of the Agreed Judgment. Abdullatif requested from the trial court, among other relief, an injunction prohibiting Choudhri from "arguing to the 190th District Court that the County Court Final Judgment operates as res judicata or collateral estoppel against [Abdullatif] in any manner whatsoever."

The trial court held a hearing on Abdullatif's motion on February 17, 2014. During the exchange between counsel and the bench, the trial court made

numerous statements reflecting its understanding that any matters "touching" on the Rivercrest Property were precluded by the Agreed Judgment. The trial court concluded that the claims argued by Choudhri in the Court No. 4 case violated the terms of the Agreed Judgment. The court further rendered its decision to grant Abdullatif's request for an injunction prohibiting Choudhri from arguing res judicata or collateral estoppel based on the Court No. 4 judgment, but limited the injunction to arguments that relate to the Rivercrest Property.

The trial court followed its oral rendition at the hearing with a written order dated March 3, 2014. In the order, the court stated that Choudhri "directly and intentionally breached" the Agreed Judgment by re-litigating in Court No. 4 the issue of whether Abdullatif breached the Settlement Agreement by failing to tender a deed for the Rivercrest Property. Thus, "[t]hrough its post-plenary powers," the court enjoined Choudhri from "arguing, pleading, or in any manner intimating to the 190th District Court that the County Court Final Judgment dated December 20, 2013 operates as res judicata and for collateral estoppel against Defendant Abdullatif with respect to any claim concerning the Rivercrest Property."

### The Mandamus Petition

In his mandamus petition, Choudhri presents four main arguments. First, Choudhri argues that the trial court's limited authority to enforce its judgment following expiration of its plenary power is not applicable here. Moreover, Choudhri argues that enjoining other lawsuits is not a proper enforcement mechanism where the second suit merely would involve the re-litigation of claims but not affect the earlier judgment. Instead, the doctrines of res judicata and collateral estoppel may be pled in the second action.

8

Second, Choudhri argues that a court's authority to issue an anti-suit injunction, recognized in *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649 (Tex. 1996) (per curiam), is inapplicable here because Abdullatif sought and obtained an anti-argument injunction, rather than an anti-suit injunction. Further, Choudhri asserts the doctrine pertains only to parallel foreign suits or instances where one Texas court has dominant jurisdiction. Even if the doctrine did apply, Choudhri asserts the multi-factored test does not weigh in support of the injunction imposed by the trial court.

Third, Choudhri argues the trial court's order is void because it was issued without sworn pleadings or the posting of bond, as required by the Texas Rules of Civil Procedure.

Fourth, Choudhri asserts that because the injunction prevents him from making a particular argument, as opposed to precluding a suit entirely, that it constitutes a gag order—which is unconstitutional absent specific findings not made by the trial court.

## THE MANDAMUS STANDARD

Generally, mandamus relief is appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it: (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law; (2) clearly fails to correctly analyze or apply the law; or (3) acts without reference to any guiding rules or principles. *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 449–50 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). An appellate remedy is adequate when any benefits

9

to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

"The issuance of a void order is an abuse of discretion." *Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Moreover, "[w]hen the order is adjudged void, it is not necessary for a relator to additionally show that it lacks an adequate appellate remedy." *Id.* Therefore, "[c]ases involving void orders present a circumstance warranting mandamus relief." *Id.*

## ANALYSIS

"The Texas Rules of Civil Procedure limit a trial court's jurisdiction after it has entered a final judgment. Rule 329b generally provides that a trial court retains jurisdiction over a case for a minimum of thirty days, during which time the trial court has plenary power to change its judgment." *Id.* "Certain post-judgment motions, if filed within the initial thirty day period, extend the trial court's plenary jurisdiction over its judgment for up to an additional seventy-five days." *Id.* (citing Tex. R. Civ. P. 329b(c), (e), (g)). Here, the 164th District Court entered the Agreed Judgment on July 11, 2013. The trial court rendered its decision on Abdullatif's injunctive request on February 17, 2014—over 220 days after its judgment in the case. And the court's written order followed two weeks later on March 3, 2014.

10

Thus, there is no question in the record or dispute among the parties that the trial court issued its order well after its plenary power over the case had expired.

"After the time set forth in the rules, . . . a court's plenary power expires and the actions that it may take with respect to its judgment are limited." *Custom Corporates*, 207 S.W.3d at 839. Among the limited actions a trial court may take after expiration of its plenary power, "the trial court has both a statutory and an inherent power to enforce its judgment." *Id.*; *see also* Tex. R. Civ. P. 308 ("The court shall cause its judgments and decrees to be carried into execution . . . ."). "The trial court may not, however, issue an order that is inconsistent with the original judgment or that otherwise constitutes a material change in the substantive adjudicative portions of the judgment after its plenary power has expired." *Custom Corporates*, 207 S.W.3d at 839 (internal quotations omitted). "In addition, post-judgment orders may not require performance of obligations in addition to the obligations imposed by the final judgment." *Id.* (internal quotations omitted).

The record indicates that the trial court relied on its continuing authority to enforce the Agreed Judgment in granting Abdullatif's request for an injunction. As an enforcement of its earlier judgment, the trial court's order would be a permissible exercise of its continuing authority only if that order was consistent with the Agreed Judgment and does not require the performance of new obligations. The trial court's order, however, is not consistent with its earlier judgment, and imposes new obligations on Choudhri.

Under the terms of the Agreed Judgment, Choudhri was obligated to perform certain actions regarding the purchase of the remaining interest in the Rivercrest Property, and he further relinquished all claims relating to the Rivercrest

11

Property save what was preserved by the carve-out paragraph. Choudhri, however, did not waive in the Agreed Judgment his ability to assert the doctrines of res judicata or collateral estoppel in any future litigation. Thus, by enjoining Choudhri from asserting these doctrines in the 190th District Court, the trial court imposed new obligations on Choudhri and substantively changed the terms of the Agreed Judgment. This is not a valid exercise of the trial court's enforcement authority. *See Custom Corporates*, 207 S.W.3d at 839; *see also Bank One, N.A. v. Wohlfahrt*, 193 S.W.3d 190, 195 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("A post-judgment enforcement order may properly require performance only of the obligations imposed by the final judgment.") (citing *Katz v. Bianchi*, 848 S.W.2d 372, 374 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding)).

Even if Choudhri violated the Agreed Judgment by obtaining judgment against Abdullatif in Court No. 4—an issue we do not address here—the trial court cannot attempt to negate the effect of that judgment by imposing an obligation through invocation of its enforcement authority that was not set forth in the Agreed Judgment. Regardless of what (if any) action by the trial court may have been appropriate *prior to* the entry of the final judgment in Court No. 4 as a means of enforcing the parties' mutual waiver of claims in the Agreed Judgment, there is nothing in the Agreed Judgment obligating Choudhri from refraining from asserting res judicata or collateral estoppel now that the Court No. 4 judgment exists. Importantly, although the Agreed Judgment provides for the mutual release of claims by the parties, res judicata and collateral estoppel "are affirmative defenses." *Calabrian Corp. v. Alliance Specialty Chems., Inc.*, 418 S.W.3d 154,

158 (Tex. App.—Houston [14th Dist.] 2013, no pet.). And there is no waiver of defenses in the Agreed Judgment.

Were we to construe the trial court's order as an anti-suit injunction, as Abdullatif argues we should, it would not alter our conclusion. In appropriate circumstances, an anti-suit injunction may be a suitable method for a court to enforce its judgment. But in the post-plenary power context, an anti-suit injunction is still an exercise of a court's enforcement authority. *See, e.g.*, *Rapid Settlements, Ltd. v. Symetra Life Ins. Co.*, 234 S.W.3d 788, 796 (Tex. App.—Tyler 2007, no pet.) ("The trial court possessed the inherent power to enjoin another proceeding whose prosecution would obstruct or interfere with the *proper enforcement of its judgment*.") (emphasis added); *Bridas Corp. v. Unocal Corp.*, 16 S.W.3d 887, 892–93 (Tex. App.—Houston [14th Dist.] 2000, pet. dism'd w.o.j.) (affirming anti-suit injunction where "the proof clearly showed that Bridas intended to disregard the jurisdiction of the court it emphatically insisted upon, and attempt to *circumvent its final judgment*") (emphasis added); *see also In re Florance*, 377 S.W.3d 837, 839–40 (Tex. App.—Dallas 2012, orig. proceeding) (noting trial court's enforcement authority includes anti-suit injunctions); *Sanders v. Blockbuster, Inc.*, 127 S.W.3d 382, 387 (Tex. App.—Beaumont 2004, pet. denied) (same). None of the precedent cited by Abdullatif or of which this Court is aware suggests that a court may expand its post-plenary power enforcement authority to impose new obligations on a party inconsistent with the court's judgment merely by styling the action as an anti-suit injunction.

In sum, a trial court may take action after its plenary power has expired to enforce an existing judgment. But in so acting, a trial court may not issue an order

inconsistent with the original judgment or require the performance of obligations not imposed by the original judgment. *Custom Corporates*, 207 S.W.3d at 839. By enjoining Choudhri from asserting arguments of res judicata and collateral estoppel in the litigation before the 190th District Court, the trial court imposed a new obligation that is not contained in the Agreed Judgment. This was not a legitimate exercise of the trial court's post-plenary power enforcement authority. "Orders issued outside of a trial court's plenary power are typically void, because a court no longer has jurisdiction to act once its plenary power has expired." *Id.* at 838. Therefore, because the challenged order here exceeds the trial court's authority to enforce its judgment, it is void. *See id.* at 838–41.

Because we conclude the challenged order is void, we need not address Choudhri's remaining arguments.

## CONCLUSION

We conditionally grant relator's petition for writ of mandamus, and direct the trial court to vacate its order dated March 3, 2014 precluding relator from arguing in the 190th District Court res judicata or collateral estoppel based on the final judgment entered by the County Civil Court at Law No. 4 of Harris County. We are confident that respondent will act in accordance with this opinion. The writ will issue only if the trial court fails to do so. Because we have granted mandamus relief, we dismiss Choudhri's appeal as moot.

We also lift our stay granted on March 25, 2014.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Jamison, and Brown.

15