**Conditionally Granted and Opinion Filed July 31, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00121-CV

## IN RE YOLANDA RUIZ RODRIGUEZ, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-07813**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Whitehill
Opinion by Justice Francis

In this original proceeding, relator complains the trial court's order reinstating the case is void because the order was issued outside the trial court's plenary period. We conditionally grant the writ.

The underlying case was filed in 2014 and involves the partition of real property among eleven parties. Relator has a 25% interest in the property as the heir to a decedent whose estate is in probate court. Relator was a named defendant in the underlying case but did not appear until January 13, 2017. The underlying case was originally dismissed for want of prosecution on February 13, 2015 and was reinstated on March 27, 2015. The order of dismissal states the court dismissed the case for want of prosecution "pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent power" because plaintiff "failed to take certain actions specified by the Court" and "failed to appear at a scheduling conference" set for February 13, 2015. The scheduling conference referenced in the order was scheduled by the trial court in an "Order

Setting Scheduling Conference and Notice of Policies." The Order Setting Scheduling Conference ordered the parties or their attorneys to

> appear for a scheduling conference to address those matters stated in [rules 166, 190, and 192] on the following date and time: *February 13, 2015 @9:00 a.m.*, or alternatively **dismissal for want of prosecution** for failure to comply with the Courts [sic] order for the submission and entrance of a scheduling order. ***The Court prefers that counsel submit an agreed Scheduling Order in lieu of attending the scheduling conference hearing. Upon receipt of the signed order, the hearing will be cancelled.***

The Order Setting Scheduling Conference also stated that the parties should use the court's attached forms when filing an agreed scheduling order and explained the procedure for verifying those forms:

> *Requests for variations from the attached forms, even if agreed, must be made at the scheduling conference. Failure to attend the scheduling conference may result in the entry of an order of dismissal for want of prosecution or other sanctions.*

Real parties in interest failed to appear at the February 13, 2015 scheduling conference, and the trial court dismissed the case for want of prosecution the same day. The real parties in interest filed an unverified motion to reinstate the case on March 2, 2015. The court entered an order reinstating the case on March 27, 2015. The "agreed judgment" appointed a receiver to sell the real property and also rendered a default judgment against relator for failure to appear.[1] Thereafter, the receiver notified the court that she intended to sell the property. The trial judge signed the receiver's report to confirm the sale of the real property. Relator then appeared in the case and moved the trial court to vacate the March 27, 2015 reinstatement order and all subsequent orders. Relator contends the March 27, 2015 reinstatement order is void because the court signed the order outside the plenary period. Relator seeks a writ of mandamus ordering the trial court to vacate the reinstatement order and all subsequent orders.

---

[1] Relator does not challenge the merits of the default judgment.

The Court has mandamus jurisdiction to order the trial court to vacate void orders, and the doctrine of laches will not bar a mandamus proceeding seeking to vacate void orders. *In re Choice! Energy, L.P*., 325 S.W.3d 805, 810 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (laches is not applicable when the order subject to the mandamus proceeding is void).

The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *See Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976); *Bevil v. Johnson*, 157 Tex. 621, 625, 307 S.W.2d 85, 87 (1957). Rule 165a enables a trial court to dismiss when a plaintiff fails to appear for any scheduled hearing or trial of which the party had notice, or when the case is not disposed of within the time periods set by the Texas Supreme Court. TEX. R. CIV. P. 165a(1), (2). The common law also vests the trial court with the inherent power to dismiss when a plaintiff fails to prosecute his or her case with due diligence. *Villarreal v. San Antonio Truck & Equip*., 994 S.W.2d 628, 630 (Tex. 1999). Regardless of which vehicle the trial court uses to dismiss the case for want of prosecution, however, the plaintiff must first be provided with notice and an opportunity to be heard. See TEX. R. CIV. P. 165a(1) ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record...."); *Villarreal*, 994 S.W.2d at 630.

A motion to reinstate must be verified and filed with the clerk within 30 days of the signing of the order of dismissal. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990). A timely filed and verified motion to reinstate will extend the trial court's plenary power. TEX. R. CIV. P. 165a(3). Filing a proper motion to reinstate has the same effect on appellate deadlines and the court's plenary power as the filing of a motion for new trial. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986). But if a motion to reinstate is not

verified, or is not timely, it does not extend the deadlines or the trial court's plenary power. *McConnell*, 800 S.W.2d at 194 (unverified motion to reinstate does not extend the trial court's plenary power). Orders signed after the trial court loses plenary power are void. *In re Florance*, 377 S.W.3d 837, 839 (Tex. App.—Dallas 2012, orig. proceeding); *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.) (citing *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam)).

It is undisputed that the motion to reinstate was not verified and did not, therefore, extend the court's plenary power. *See, e.g. McConnell*, 800 S.W.2d at 194 (conditionally granting writ to vacate void reinstatement order where motion to reinstate was not verified). The trial court signed the dismissal order on February 13, 2015. The trial court's plenary power expired March 15, 2015 — thirty days after the dismissal order was signed. Tex. R. Civ. P. 165a(3), 306a, 329b. To extend the trial court's plenary period beyond March 15, 2015, the real parties in interest were required to file a verified motion to reinstate on or before March 15, 2015. The motion they filed was not verified. Because the real parties in interest did not file a verified motion to reinstate within thirty days of the signing of the order of dismissal, the trial court's jurisdiction to reinstate the case expired on March 15, 2015. *See McConnell*, 800 S.W.2d at 194. The March 27, 2015 order reinstating the case and all orders signed after that date are void.

The real parties in interest argue the lack of verification is irrelevant because the trial court's Order Setting Scheduling Conference did not provide notice that their claims could be dismissed for want of prosecution under the trial court's inherent authority. The real parties maintain the trial court could only dismiss the case for failure to submit a scheduling order. They also argue they did not have notice of the possibility of dismissal because they did not receive the Order Setting Scheduling Conference. We disagree with the real parties' arguments. Rule 165a requires a party to file a verified motion to reinstate within thirty days of the date the

dismissal order is signed. The real parties filed a motion to reinstate within thirty days but it was not verified. The motion, therefore, did not extend the trial court's plenary period. Further, notice was not lacking here. The Order Setting Scheduling Conference provided two bases for dismissing the case, the dismissal order states the trial court was dismissing the case for both reasons, and the record contradicts the real parties' contention that they did not receive a copy of the Order Setting Scheduling Conference. Under this record, the real parties' failure to verify their motion to reinstate barred the trial court from reinstating the case on March 27, 2015.

The trial court's reinstatement order was signed after the trial court's plenary power had expired. That order and all subsequent orders are void and must be vacated. We, therefore, conditionally grant relator's petition for writ of mandamus and direct the trial court to issue written orders vacating the March 27, 2015 reinstatement order and vacating all subsequent orders. A writ will issue only in the event the trial court fails to issue the orders as directed within fifteen days of the date of this opinion. We direct our clerk not to issue the writ of mandamus unless information is received that the district court has not so complied.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

170121F.P05