**Affirmed and Memorandum Opinion filed July 23, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00486-CV

### IN RE ALEX MELVIN WADE, JR., Relator

### NO. 14-18-00487-CV

### ALEX MELVIN WADE, JR., Appellant

### V.

### BANK OF AMERICA N.A., Appellee

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-39002**

## MEMORANDUM OPINION

Alex Melvin Wade, Jr. filed a petition for mandamus and an appeal complaining of the trial court's order declaring him a vexatious litigant. We consolidated both matters. In his reply brief, Wade raised several issues

challenging the trial court's order dismissing his claims against Bank of America N.A. We deny the mandamus proceeding because the trial court's order declaring him a vexatious litigant is an appealable order.[1] We affirm the judgment of the trial court.

## *Background*

Wade brought claims against Bank of America relating to two "drafts" that Wade attempted to deposit into a Bank of America account. Wade alleged that in rejecting these drafts, Bank of America failed to handle them "in accordance with banking laws" and caused Wade damages and injury, including confinement in jail for two years for forgery.

Bank of America filed a motion to dismiss Wade's claims under Texas Rule of Civil Procedure 91a. The trial court signed an interlocutory order granting the motion, dismissing Wade's claims with prejudice, and allowing Bank of America to set for submission its request for attorney's fees.[2] Bank of America then notified the trial court that it would not seek an award of attorney's fees and requested a final order of dismissal. The trial court signed a final order dismissing Wade's claims with prejudice, but the trial court vacated the order three days later. On the same day that it vacated the order dismissing Wade's claims, the trial court also signed an order requiring Wade to appear at a hearing to show cause why the trial court should not declare him a vexatious litigant. Wade filed a motion to reset the

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 11.101(c); *see also In re Potts*, No. 14-12-00194-CV, 2012 WL 987857, at *1 (Tex. App.—Houston [14th Dist.] Mar. 22, 2012, orig. proceeding) (mem. op.) (dismissing mandamus proceeding "to the extent relator seeks mandamus relief from the order declaring her a vexatious litigant" because order was appealable).

[2] Rule 91a allows a party to move to dismiss causes of action that have no basis in law or fact and, as relevant here, requires the trial court to "award the prevailing party on the motion all costs and reasonable and necessary attorney's fees incurred with respect to the challenged cause of action." Tex. R. Civ. P. 91a.1, 91a.7.

hearing and did not attend it. The trial court denied Wade's motion to reset the hearing. The trial court signed an order with extensive findings of fact declaring Wade a vexatious litigant.

### *Challenges to Trial Court's Vexatious Litigant Finding*

Wade raises several arguments in his opening brief challenging the trial court's vexatious litigant finding. We construe his arguments as follows: (1) the trial court lacked plenary power and thus did not have jurisdiction to find Wade a vexatious litigant; (2) the trial court abused its discretion in sua sponte finding him a vexatious litigant because a motion seeking such an order had not been timely filed; and (3) the trial court abused its discretion in failing to reset the show cause hearing.

### I.     Trial Court's Plenary Power

Construing Wade's brief liberally as we are required to do, we interpret his argument to be that the trial court lacked plenary power and thus jurisdiction to "raise the vexatious litigant issue sua sponte" because Bank of America did not file a motion seeking such an order and a motion was required to be filed within 90 days after Bank of America filed its answer.[3] *See* Tex. R. App. P. 38.9. Wade alternatively argues that the trial court could not declare him a vexatious litigant without a timely motion having been filed.[4]

Wade did not object on these grounds below. Generally, a party may not

_____

[3] Section 11.051 of the Civil Practice and Remedies Code requires a defendant to move for an order "determining that the plaintiff is a vexatious litigant . . . on or before the 90th day after the date the defendant files the original answer or makes a special appearance." Tex. Civ. Prac. & Rem. Code § 11.051.

[4] Wade argues the trial court's vexatious litigant finding "is an abuse of discretion, because [the trial court] exceeded the jurisdictional exceed [sic] the plenary authority of the court. There is nothing in the record show [sic] that the vexation filing was within the window pane period of 90 days whether by the Court and/or [Bank of America]."

complain on appeal of an issue he did not raise in the trial court. Tex. R. App. P. 33.1(a). However, a trial court's subject matter jurisdiction is an issue that cannot be waived, and it may be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). A vexatious litigant order signed after a trial court's plenary power has expired is void for lack of jurisdiction. *In re Florance*, 377 S.W.3d 837, 839–40 (Tex. App.—Dallas 2012, no pet.) ("The [vexatious litigant] statute by its terms does not apply to post-judgment proceedings. Rather, a motion must be filed in a pending case."); *see also Akinwamide v. Transp. Ins. Co.*, 499 S.W.3d 511, 520 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("Once the trial court's plenary power expires, the court generally lacks jurisdiction to act, and any orders it issues are typically void."). However, the trial court retains plenary power until its judgment becomes final. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) ("The trial court . . . retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered."); *cf. Florance*, 377 S.W.3d at 840.

Wade has not cited any authority suggesting that a trial court lacks plenary power if it makes a vexatious litigant finding even though a motion for a vexatious litigant finding has not been timely filed. We have not found any authority supporting this proposition. Regardless, we shall analyze whether the trial court had plenary power to find Wade a vexatious litigant at the time it signed the vexatious litigant order.

The trial court dismissed Wade's claims and signed an interlocutory order allowing Bank of America to set for submission its request for attorney's fees under Rule 91a. Bank of America subsequently notified the trial court that it would not seek attorney's fees and requested a final order of dismissal. The trial court

signed a final order of dismissal on March 17, 2018 but vacated its order three days later. The trial court signed the vexatious litigant order on May 15, 2018. A trial court has plenary power to vacate its judgment within 30 days after the judgment is signed. Tex. R. Civ. P. 329b(d); *see also Rush v. Barrios*, 56 S.W.3d 88, 98 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("A trial court has the inherent authority to change or modify any . . . judgment until the judgment becomes final."). Rule 329b applies to final Rule 91a dismissal orders. *Crotts v. Cole*, 480 S.W.3d 99, 105 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Thus, a trial court may vacate a Rule 91a dismissal order as long as the court retains plenary power. *See id*.

On the same day that it vacated its original Rule 91a dismissal order, the trial court also signed an order requiring Wade to appear at a hearing and show cause why the trial court should not declare him a vexatious litigant. Because the trial court vacated its original order of dismissal while it had plenary power, it still had plenary power to hold the show cause hearing and find Wade to be a vexatious litigant. The trial court signed a final order of dismissal three days after it signed the vexatious litigant order. Accordingly, there was no final judgment in place at the time the trial court made its vexatious litigant finding. Wade's argument that the trial court lacked plenary power when it found him to be a vexatious litigant is thus without merit.

## II.     Other Arguments Not Raised Below

To the extent Wade argues that the trial court abused its discretion by making a vexatious litigant finding sua sponte without a timely motion having been filed, he has not preserved this complaint for our review because he did not raise it in the trial court. *See* Tex. R. App. P. 33.1; *see also Restrepo v. All. Riggers & Constructors, Ltd.*, 538 S.W.3d 724, 749 (Tex. App.—El Paso 2017, no pet.)

5

("Even if the trial court erred, Appellants failed to preserve each of these complaints because they voluntarily chose not to attend the [vexatious litigant] hearing and did not raise a timely objection."); *Lagaite v. Pittman*, No. 01-10-00554-CV, 2012 WL 1649850, at *6 (Tex. App.—Houston [1st Dist.] May 10, 2012, no pet.) (mem. op.) ("[B]ecause the record reflects that [the plaintiff] did not challenge the constitutionality of the vexatious litigant statute before the trial court, he failed to preserve his contentions that the statute violated the equal protection and supremacy clauses for appellate review.").

### III. Failure to Attend Show Cause Hearing

Wade also asserts in his statement of facts that he did not attend the show cause hearing because he was receiving cancer treatments and had been hospitalized for a heart attack. He complains that the hearing was not rescheduled in a "blatant disregard for [his] health." In his motion to reset the hearing filed three days before the scheduled hearing, Wade asserted that he was about to begin cancer treatments and treatment for heart failure.[5] Wade attached a doctor's letter to the motion stating that Wade had an appointment scheduled on the day of the hearing "as part of his cancer treatment." The doctor did not state that the appointment could not reasonably be rescheduled and did not state that Wade was too ill to attend the hearing. The record does not reflect whether the doctor's appointment was made before the trial court signed the show cause order on March 20, 2018, or after that date. The trial court held the hearing, and Wade did not attend. The trial court denied Wade's motion to reset the hearing.

The trial court has wide discretion in managing its docket, and we will not interfere with the trial court's exercise of its discretion absent a showing of clear

---

[5] Wade also contended below that he was entitled to appointed counsel and the show cause hearing should have been reset to allow time for appointed counsel to attend the hearing.

abuse of discretion. *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *In re Estate of Parrimore*, No. 14-14-00820-CV, 2016 WL 750293, at *10 (Tex. App.— Houston [14th Dist.] Feb. 25, 2016, no pet.) (mem. op.) (citing *Bagwell v. Ridge at Alta Vista Invs. I, LLC*, 440 S.W.3d 287, 292 (Tex. App.—Dallas 2014, pet. denied)). An abuse of discretion occurs when the trial court acts in an unreasonable and arbitrary manner, or when it acts without reference to any guiding rules or principles. *In re Estate of Parrimore*, 2016 WL 750293, at *10.

The trial court signed its show cause order on March 20, 2018 ordering Wade to appear on May 14, 2018. On this record, Wade has not demonstrated that the trial court acted in an unreasonable and arbitrary manner in denying Wade's motion to reset the hearing. Under these circumstances, we decline to hold that the trial court abused its discretion in denying the motion.

### Issues Raised in Wade's Reply Brief

Wade raised several issues for the first time in his reply brief challenging the trial court's dismissal of his claims under Rule 91a and the trial court's failure to make findings of fact and conclusions of law. Bank of America argued in its response brief that the trial court did not err in dismissing Wade's claims under Rule 91a. The rules of appellate procedure do not allow Wade to raise a new issue that was not discussed in his original brief, even if the new issue is raised in response to a matter in the Bank of America's brief. *See HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 812 n.10 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see also Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 672 n.5 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Accordingly, we do not address these issues.

## *Conclusion*

We dismiss the mandamus proceeding and affirm the trial court's orders declaring Wade a vexatious litigant and dismissing his claims against Bank of America.


/s/    Frances Bourliot
Justice


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.