**Richard John FLORANCE, Jr., Appellant,**

v.

**The STATE of Texas and Brenda Taylor, Appellees.**

No. 05–10–01653–CV.

Court of Appeals of Texas, Dallas.

Oct. 27, 2011.

Rehearing Overruled Nov. 30, 2011.

Richard John Florance, Jr., Richardson, TX, pro se.

Robert Davis, Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, Dallas, TX, Demetri Anastasiadis, Assistant Attorney General, Austin, TX, for Appellees.

Before Justices MORRIS, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

Richard John Florance, Jr. appeals from the trial court's dismissal of a petition for bill of review. In sixteen issues, Florance generally argues the trial court erred by dismissing the petition for bill of review, by denying Florance's motion to recuse the trial judge, and by granting Brenda Taylor's motion to declare Florance a vexatious litigant. Because Florance failed to timely file a notice of appeal, we do not reach any of Florance's sixteen issues. We dismiss this appeal for lack of jurisdiction.

### Procedural Background

On December 15, 2005, Florance filed "Florance's First Notice of Lien" in the Collin County records purporting to create a lien for $129 against the property of Taylor, who was at the time the Collin County Clerk. Pursuant to section 51.903 of the government code, Taylor filed a "Motion for Judicial Review of Documentation or Instrument Purporting to Create Lien or Claim." *See* TEX. GOV'T CODE ANN. § 51.903 (West 2005). The trial court considered Taylor's motion without a hearing and without notice to Florance. *See id.* § 51.903(c). On July 13, 2006, the trial court signed findings of fact and conclusions of law determining that "Florance's First Notice of Lien" was fraudulent as defined by section 51.901(c) of the government code. *See id.* § 51.901(c).[1] Florance

---

1. Section 51.901(c) of the government code was amended by the Legislature in 2007. *See*

appealed, and this Court affirmed the trial court's order. *See In re A Purported Lien or Claim Against Collin County Clerk Brenda Taylor,* 219 S.W.3d 620 (Tex.App.-Dallas 2007, pet. denied).

On June 9, 2010, Florance filed this bill of review proceeding against the State of Texas and Taylor alleging the trial court's findings of fact and conclusions of law in the previous litigation were void due to lack of notice and, because he had exhausted all legal remedies, he was now entitled to equitable relief. Florance requested the clerk serve both the State, through the governor, and Taylor.

On July 2, 2010, the State filed an "Advisory to the Court of Absence of Jurisdiction." In the advisory, the State asserted the trial court lacked in personam and subject matter jurisdiction over the State based on sovereign immunity, improper service, and the failure of the petition for bill of review to state a claim. On July 6, 2010, the trial court dismissed Florance's "Petition for Bill of Review" based on the "absence of jurisdiction in this Court" (the July 6 order).

On July 16, 2010, Florance filed an amended petition for bill or review. Florance requested the State be served with the amended petition through the secretary of state, but did not request that Taylor be served with the amended petition. On August 3, 2010, the State filed a plea to the jurisdiction, asserting the amended petition did not state any facts that would support a waiver of the State's sovereign immunity and did not state a claim under the circumstances presented. On August 5, 2010, the trial court dismissed Florance's "Petition for Bill of Review" based on the "absence of subject matter jurisdiction in this Court" (the Au-

gust 5 order). On September 2, 2010, Taylor filed a plea to the jurisdiction and a motion to declare Florance a vexatious litigant under chapter 11 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 11.001–.104 (West 2002).

On September 28, 2010, Florance filed (1) a motion to recuse the trial judge, (2) a motion to disqualify Taylor's trial counsel, and (3) a motion for "delay sanctions." The trial judge referred the motion to recuse to the administrative judge and, on October 1, 2010, the administrative judge denied the motion. On October 6, 2010, Florance filed an "Affidavit of Manifest Irregularities" stating that he had not received notice of either the July 6 order or the August 5 order. On October 12, 2010, Florance filed a motion under rule of civil procedure 306a(5) requesting a finding that he did not receive notice of either the July 6 order or the August 5 order within twenty days of each order being signed. In the motion, Florance stated the August 5 order was referenced in Taylor's plea to the jurisdiction and he had actual knowledge of that order "on or about 4 September" when he was served with Taylor's pleading. Florance alleged he was never served with the August 5 order and, on October 5, 2010, contacted the district clerk about that order. During the conversation, the clerk told Florance about the July 6 order and emailed Florance a copy of the July 6 order.

On October 14, 2010, the trial court declared Florance a vexatious litigant and granted Taylor's plea to the jurisdiction. The record does not contain a ruling on Florance's rule 306a motion. On October 25, 2010, Florance filed a request for find-

Act of May 23, 2007, 80th Leg., R.S., ch. 895, § 3, 2007 Tex. Gen. Laws 2227, 2228. Because the amendments do not affect our anal-

ysis in this case, we cite to the current statute for convenience.

ings of fact and conclusions of law relating to the July 6 order. Florance filed a motion for new trial on November 5, 2010, an amended motion for new trial on November 16, 2010, and a notice of past due findings of fact and conclusions of law on November 22, 2010. Florance filed a notice of appeal on December 28, 2010. The trial court denied Florance's motion for new trial on December 29, 2010.

We requested the parties file letter briefs on the issue of whether this Court has jurisdiction over this appeal. We specifically requested the parties brief whether either the July 6 order or the August 5 order was a final order for purposes of starting the appellate timetable and whether any postjudgment motion had the effect of extending the trial court's plenary power. Taylor filed a brief arguing Florance failed to file a timely notice of appeal and, therefore, this Court does not have jurisdiction over this appeal.[2] Florance filed a brief asserting this Court has jurisdiction over this appeal because, pursuant to rule of civil procedure 306a, the "effective date" for the July 6 order was October 5, 2010 and the plenary power of the trial court was extended by Florance filing a request for findings of fact and conclusions of law relating to that order. Florance also contends that rule 306a violates the due process rights of a litigant who does not receive notice of judgment within ninety days. Finally, in the alternative, Florance argues the trial court possibly intended to dismiss only the claims against the State and, therefore, neither the July 6 order nor the August 5 order was a final order.

## Jurisdiction

■ Appellate jurisdiction is never presumed. *Brashear v. Victoria Gardens of McKinney, L.L.C.,* 302 S.W.3d 542, 546 (Tex.App.-Dallas 2009, no pet.). Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss. *Id.* When the appellant has not filed in the trial court a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law, the notice of appeal must generally be filed within thirty days after the judgment or other appealable order is signed. Tex.R.App. P. 26.1(a). Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* Tex.R.App. P. 25.1(b); *In re E.M.A.,* No. 05–11–00596–CV, 2011 WL 3672297, at *1 (Tex.App.-Dallas Aug. 23, 2011, no pet. h.) (per curiam) (mem. op.).

## Finality of Dismissal Orders

■ Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction over final judgments only. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001). When there has not been a conventional trial on the merits, an order or judgment is not final for the purposes of appeal unless it actually disposes of all parties and all claims pending in the case or it states with "unmistakable clarity" that it is a final judgment as to all claims and all parties. *Id.* at 192–93, 205. An order dismissing the case "shows finality if there are no other claims by other parties." *Id.* at 205; *see also Ritzell v. Espeche,* 87 S.W.3d 536, 538 (Tex.2002) (per curiam). If the language of the order expressly disposes of all claims and all parties, "the order is final and appealable, even though the record does not provide an adequate basis for the rendition of judgment." *Lehmann,* 39 S.W.3d at 200.

■ In this case, the July 6 order dismissed all of Florance's pending claims

**2.** The State has not appeared in this appeal.

and neither the State nor Taylor had pleaded any independent claims for affirmative relief. Therefore, the July 6 order was a final, appealable order. *See id.* at 192–93, 205.

■ When a trial court renders a final judgment, a party then files an amended petition, and the trial court renders a second final judgment based upon the amended petition, two distinct cases under the identical cause number result. *Leach v. Brown*, 156 Tex. 66, 292 S.W.2d 329, 331 (1956) (amended petition filed after final judgment in same cause number sufficient to invoke trial court's jurisdiction); *Cockrell v. Cent. Sav. & Loan Ass'n*, 788 S.W.2d 221, 224 (Tex.App.-Dallas 1990, no writ) (per curiam); *see also Walker v. Walker*, 152 S.W.3d 220, 223 (Tex.App.-Dallas 2005, no pet.). Florance filed his amended petition after the trial court rendered a final judgment, and the trial court rendered a second judgment based on the amended petition. Therefore, we have two distinct cases under the same cause number. The August 5 order disposed of all claims raised by Florance in his amended petition for bill of review. Further, the State had no pending claims for affirmative relief at the time of the dismissal and Taylor had not been served with the amended petition for bill of review. Accordingly, the August 5 order was also a final judgment. *See Lehmann*, 39 S.W.3d at 192–93, 205.

Florance was required to appeal the July 6 order by August 5, 2010 and the August 5 order by September 7, 2010.[3] *See* Tex.R.App. P. 26.1. Florance did not file a notice of appeal from either order until December 28, 2010. Accordingly, unless Florance's appellate deadlines were extended, he did not file a timely notice of appeal from either final judgment and did not properly invoke this Court's jurisdiction.

### Application of Rule 306a

■ In his jurisdictional brief, Florance argues that his deadline for appealing the July 6 order was extended by rule of civil procedure 306a and by his subsequent request for findings of fact and conclusions of law. Unless a party adversely affected by the judgment does not receive timely notice that a judgment has been rendered, the period for filing an appeal from the judgment begins to run from the date the judgment is signed. Tex.R. Civ. P. 306a(1); Tex.R.App. P. 26.1(a). When a party adversely affected by the judgment does not receive notice or acquire actual knowledge of judgment within twenty days of the judgment being signed, the period for filing an appeal from the judgment begins to run from the date the party received notice or acquired actual knowledge of the judgment, rather than the day the judgment is signed, if the party (1) complies with the sworn motion, notice, and hearing requirements mandated by rule 306a(5), and (2) proves he received notice of the judgment more than twenty but less than ninety-one days after it was signed. Tex.R. Civ. P. 306a; Tex.R.App. P. 4.2; *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding). The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction "for the limited purpose of holding an *evidentiary hearing* to determine the date on which the party or its counsel first received notice or acquired knowledge of the

---

**3.** Florance's notice of appeal of the August 5 order was due on September 4, 2010. *See* Tex.R.App. P. 26.1. However, September 4, 2010 was a Saturday and September 6, 2010 was a federal holiday. Therefore, Florance's notice of appeal was due on September 7, 2010. *See* Tex.R.App. P. 4.1(a).

judgment." *Lynd*, 195 S.W.3d at 685 (emphasis added); *see also Conquest v. Spencer*, 331 S.W.3d 537, 538 (Tex.App.-Dallas 2011, no pet.). For purposes of appellate jurisdiction, the trial court must sign a written order specifying the date when the party or the party's attorney first learned of the judgment. Tex.R.App. P. 4.2(c); *Samuels v. Perry*, No. 05–10–01577–CV, 2011 WL 1500597, at *1 (Tex.App.-Dallas Apr. 21, 2011, no pet.) (mem. op.).

 As to the July 6 order, Florance alleged in the trial court that he received actual notice of the order on October 5, 2010, the ninety-first day after the order was signed. The Texas Supreme Court has concluded that notice received more than ninety days from when a judgment is signed "is simply not covered" by rule 306a. *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex.1993) (per curiam); *see also Lynd*, 195 S.W.3d at 684 n. 2 ("Rule 306a(4) does not apply and cannot serve to extend a trial court's plenary power when a party learns of final judgment more than ninety days after it is signed."). Accordingly, Florance's actual knowledge of the July 6 order acquired "on the 91st day after dismissal did not suffice under Rule 306a(4) to restart the trial court's jurisdiction." *Levit*, 850 S.W.2d at 470.[4]

 Although not specifically addressed by Florance in his jurisdictional brief, we must also determine whether rule 306a operated to extend the trial court's plenary power over the August 5 order. Florance alleged in his rule 306a motion that he acquired actual knowledge of the August 5 order on September 4, 2010, more than twenty but less than ninety-one days from when the order was signed. Florance had the burden to establish in the trial court that rule 306a(4) applied to the August 5 order. *City of Laredo v. Schuble*, 943 S.W.2d 124, 126 (Tex.App.-San Antonio 1997, orig. proceeding). However, Florance failed to obtain a fact finding from the trial court following an evidentiary hearing stating when Florance had actual knowledge of the August 5 order. Without this finding from the trial court, Florance failed to establish a new date for the trial court's plenary power to commence. *See In re Bokeloh*, 21 S.W.3d 784, 793 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding) (hearing is essential to validity of any rule 306a(5) order); *Olvera v. Olvera*, 705 S.W.2d 283, 284 (Tex. App.-San Antonio 1986, writ ref'd n.r.e.) (per curiam) (op. on reh'g) (movant under rule 306a must not only file sworn motion, but must also obtain hearing and present evidence to support motion); *see also Samuels*, 2011 WL 1500597, at *2 (without ruling by trial court on when notice of judgment received, notice of appeal was due no later than thirty days after judgment signed). We conclude Florance's postjudgment time period for filing a notice of appeal from either the July 6 order or the August 5 order was not extended pursuant to rule 306a.

## Motion to Declare Florance a Vexatious Litigant

 We finally turn to whether any postjudgment motion operated to extend

---

4. In his jurisdictional brief, Florance argues, without citing any authority, that rule of civil procedure 306a violates the due process rights of a litigant who does not receive notice or acquire actual knowledge of a judgment within ninety days of the judgment being signed. Because we lack jurisdiction over this appeal, we do not address Florance's complaint that rule 306a is unconstitutional. *See Lund v. State*, 163 Tex. 102, 103, 352 S.W.2d 457, 458 (1962) (per curiam) (because appellant failed to timely file motion for new trial, appellate court lacked jurisdiction to consider whether judgment was void); *Narmah v. Waller Indep. Sch. Dist.*, 257 S.W.3d 267, 274 (Tex.App.-Houston [1st Dist.] 2008, no pet.) (because appellate court lacked jurisdiction over appeal, it could not consider challenges, including constitutional challenges, to underlying judgment).

the trial court's plenary power and Florance's appellate timetable. A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment. Tex.R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip. Inc.*, 10 S.W.3d 308, 310 (Tex.2000). The period of plenary power may be extended, however, by timely filing an appropriate postjudgment motion. *Lane Bank*, 10 S.W.3d at 310. Thus, the filing of a motion for new trial, a motion to modify, correct, or reform the judgment, or a request for findings of fact and conclusions of law within the initial thirty-day period extends the trial court's jurisdiction over its judgment up to an additional seventy-five days and extends the time period for filing a notice of appeal until ninety days after the judgment was signed. *Id.; see also* Tex.R. Civ. P. 329b(g); Tex.R.App. P. 26.1(a). A timely postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under rule 329b(g). *Lane Bank*, 10 S.W.3d at 313.

There was no postjudgment motion filed by any party during the thirty days the trial court retained plenary power over the July 6 order. Accordingly, Florance was required to file his notice of appeal from the July 6 order by August 5, 2010.

■ The only postjudgment motion filed within thirty days of the August 5 order was Taylor's motion to declare Florance a vexatious litigant. Having reviewed the motion, we cannot conclude it sought a substantive change in the trial court's existing judgment. *See Lane*, 10 S.W.3d at 313. The motion did not seek modification, correction, or reformation of the trial court's judgment and did not otherwise request a substantial change of the trial court's judgment. Rather, it sought separate relief through a separate order. Because the motion to declare Florance a vexatious litigant did not seek to alter the judgment, it did not extend either the trial court's plenary power or the appellate timetable. *See id.*[5] Accordingly, Florance was required to file a notice of appeal from the August 5 order by September 7, 2010

## Conclusion

Florance failed to appeal from either the July 6 order or the August 5 order within thirty days of the trial court's signing the order. Further, neither rule of civil procedure 306a nor a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law extended the trial court's plenary power or the deadline for filing a notice of appeal from either order. Because Florance's notice of appeal was untimely as to both the July 6 order and the August 5 order, this Court does not have jurisdiction over this appeal. Accordingly, we dismiss this appeal for

5. In her jurisdictional brief, Taylor argues that, even though the motion to declare Florance a vexatious litigant did not extend the trial court's plenary power, the trial court had plenary power on October 14, 2010 to grant Taylor's motion requesting Florance be declared a vexatious litigant in order to protect and enforce the orders and judgments entered by the trial court in this case and earlier cases. We note that any action taken by a trial court after it loses plenary power is void. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998) (per curiam) (original proceeding) (order granting new trial after expiration of plenary power is void for want of jurisdiction); *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex.App.-Dallas 2006, no pet.) ("Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void."). Because it is not necessary to the disposition of this appeal, we express no opinion as to whether the trial court could declare Florance a vexatious litigant "in accordance with [its] ongoing jurisdiction to protect and enforce its orders."

want of jurisdiction. *See* TEX.R.APP. P. 42.3(a).