Opinion issued October 11, 2012



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-12-00512-CV**

_____

**GABE REED PRODUCTIONS LLC AND GABE REED, INDIVIDUALLY,**
**Appellants**

**V.**

**STARBASE AVIATION, LLC, Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-52594**

---

## MEMORANDUM OPINION

Appellants Gabe Reed Productions LLC and Gabe Reed, individually, attempt to appeal from the trial court's default judgment signed January 9, 2012.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended

to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). To be considered timely, a motion for new trial must be filed within 30 days after the judgment is signed. TEX. R. CIV. P. 329b(a).

The record reflects that the trial court signed the default judgment on January 9, 2012. A motion for new trial, if any, was due by February 8, 2012. The record shows that appellants filed a motion for new trial on April 5, 2012, which was over 30 days past the deadline. *See id.*

In the motion for new trial, the appellants asserted that they did not receive notice of the judgment until March 12, 2012. To modify the periods under the Texas Rules of Appellate procedure for perfecting an appeal, appellants were required prove in the trial court, on sworn motion and notice, the date on which the party or the party's attorney first either received a notice of the judgment or acquired actual knowledge of the signing, and to obtain a signed order from the trial court finding the date when the party or the party's attorney first received notice or acquired actual knowledge. *See* TEX. R. APP. P. 4.2 (trial court must sign written order finding date of notice); TEX. R. CIV. P. 306a.5 (party must prove date in trial court on sworn motion and notice); *Florance v. State*, 352 S.W.3d 867, 873 (Tex.

App.—Dallas 2011, no pet.) (appellate period was not reset where party failed to obtain finding from trial court regarding date party acquired actual knowledge of judgment). The appellants did not obtain a signed order from the trial court finding the date when the appellants or their attorney first received notice or acquired actual knowledge of the judgment. Because appellants failed to obtain a signed order from the trial court, appellants' deadline for filing the notice of appeal was not extended. *See* TEX. R. APP. P. 4.2; TEX. R. CIV. P. 306a.5; *Florance*, 352 S.W.3d at 873. Appellants' notice of appeal remained due by February 9, 2012. Appellants did not file a notice of appeal until May 29, 2012. Appellants' notice of appeal was untimely filed. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On September 10, 2012, we notified appellants that this appeal was subject to dismissal for want of jurisdiction unless, by September 20, 2012, they filed a response showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). After being notified that this appeal was subject to dismissal, appellants did not adequately respond.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

3