**DISMISSED; Opinion Filed April 7, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01469-CV

## IN THE INTEREST OF A.J.G, S.S.G., AND R.M.G.

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-52068-2013**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Justice Stoddart

Appellant appeals the trial court's final decree of divorce. The trial court signed its final decree of divorce in this case on August 14, 2014. Appellant requested findings of fact and conclusions of law and filed a motion for new trial on September 26, 2014 under the prison mailbox rule,[1] forty-three days after the judgment was signed. Appellant filed his notice of appeal on November 10, 2014, eighty-eight days after the judgment was signed, also under the prison mailbox rule.

---

[1] A pro se prisoner is deemed to have filed his pleadings at the time they are delivered to prison authorities for forwarding to the court clerk. *Ramos v. Richardson,* 228 S.W.3d 671, 673 (Tex. 2007); *Warner v. Glass,* 135 S.W.3d 681, 684–85 (Tex. 2004).

By letter dated December 18, 2014, the Court questioned its jurisdiction over this appeal because it appeared appellant's notice of appeal was not timely filed. Appellant responded that he had not received notice of the trial court's judgment until he received a letter from opposing counsel, dated September 11, 2014, which he received on or about September 17, 2014. By letter dated January 12, 2015, the Court advised appellant that in order to consider whether his appeal was timely, the Court must have in the appellate record a written order from the trial court on a motion filed pursuant to rule 306a of the Texas Rules of Civil Procedure establishing the date on which he or his attorney either first received notice of the judgment or acquired actual knowledge of the judgment. TEX. R. APP. P. 4.2. Appellant has now provided the Court with a copy of his motion, filed in the trial court under the prison mailbox rule on February 2, 2015, in which he seeks a determination of the date he or his attorney acquired notice or knowledge of the judgment. We conclude relator's motion was not timely filed. Consequently, we lack jurisdiction over the appeal and must dismiss the appeal.

Absent a timely filed motion for a new trial, or a motion to vacate, modify, correct or reform a judgment, the trial court loses its plenary power over its judgment thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d). An exception to the 30 day rule exists when a party fails to receive notice within 20 days of the signing of the judgment as required by rule 306a(3).[2] In such a situation, the appellate timetables will begin to run from the date the party or the party's attorney receives notice from the clerk of the court or acquires actual notice of the judgment. TEX. R. CIV. P. 306a(4). In "no event," however, may the running of the timetables begin more than 90 days after the signing of the original judgment. *Id.*

---

[2] While rule 306a(3) of the rules of civil procedure requires the clerk of the court to give notice of final judgments and other appealable orders by first class mail to all parties or their attorneys of record, the failure of the clerk to give notice does not impair the finality of the judgment or otherwise render it void. *See Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex. 1974).

The requirements of rule 306(a)(4) are jurisdictional. *Mem'l Hosp. of Galveston County v. Gillis*, 741 S.W.2d 364, 366 (Tex. 1987) ("Since Gillis did not establish the applicability of Rule 306a(4) in the trial court in the manner prescribed by the rule, the trial court was without jurisdiction to reinstate her cause upon a motion filed forty days after dismissal."). A sworn motion that establishes a prima facie case that the party lacked notice within the period established by rule 306a(4) reinvokes a trial court's jurisdiction "for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *In re Lynd Co.,* 195 S.W.3d 682, 684 n.2 (Tex. 2006) (orig. proceeding); *Florance v. State*, 352 S.W.3d 867, 872 (Tex. App.—Dallas 2011, no pet.). Unless a party establishes, in the manner prescribed by Rule 306a(5), on sworn motion, that he had no notice or knowledge of the judgment within the period covered by rule 306a, the general rule prevails: a trial court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment expires 30 days after entry of judgment. *Gillis*, 741 S.W.2d at 365.

The rules do not set a deadline for filing a motion under Rule 306a(5) and none can be imposed by decision other than the deadline of the expiration of the trial court's jurisdiction. *John v. Marshall Health Services, Inc.*, 58 S.W.3d 738, 741 (Tex. 2001). Thus, a rule 306a motion must be filed before the trial court's plenary power—measured from the date of notice established under Rule 306a(4)—expires. *In re Lynd Co.*, 195 S.W.3d at 685.

Here the trial court's judgment was signed on August 14, 2014. Appellant alleges he received notice of the judgment on September 17, 2014 – more than twenty days after the signing of the judgment. Thus, for purposes of determining whether appellant's rule 306a motion is timely, our calculations of post-trial and appellate deadlines begin from that date. Appellant filed a motion for new trial on September 26, 2014 that would have been timely under

the extended deadlines if appellant properly invoked rule 306a. Although the motion for new trial would have been overruled by operation of law on December 1, 2014 under the extended deadlines if appellant properly invoked rule 306a, *see* TEX. R. CIV. P. 329b(c) (motion for new trial is overruled by operation of law seventy-five days after judgment signed), the trial court's plenary power to rule on a 306a motion would extend to 105 days of the date appellant or his attorney first received notice of the signing of the judgment. *See* TEX. R. CIV. P. 329b ("If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.").

Appellant filed his rule 306a motion on February 2, 2015. The last day for him to obtain a ruling on a 306a motion was December 31, 2014 because, based on the date appellant contends he received notice of the judgment, the trial court's plenary power to act on a rule 306a motion expired on that date. Because appellant's rule 306a motion was not timely filed, he failed to invoke the trial court's jurisdiction to determine the date of notice of the judgment. As a result, he is not entitled to the extension permitted by rule 306a. *See Grondoma v. Sutton*, 991 S.W.2d 90, 93 (Tex. App.—Austin 1998, pet. denied). Appellant's notice of appeal, filed eighty-eight days after the rendition of the trial court's judgment, is thus untimely because, without resort to rule his rule 306a motion, which was untimely filed in the trial court, his motion for new trial was untimely and did not operate to extend the appellate deadlines. TEX. R. APP. P. 26.1(a). Without a timely filed notice of appeal we lack jurisdiction. TEX. R. APP. P. 25.1(b).

Accordingly, we dismiss the appeal for lack of jurisdiction.


/Craig Stoddart
CRAIG STODDART
JUSTICE


141469F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.J.G, S.S.G., AND R.M.G.

No. 05-14-01469-CV

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-52068-2013.
Opinion delivered by Justice Stoddart. Chief Justice Wright and Justice Lang-Miers participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee, OPRENSIE JUBOL, recover her costs of this appeal from appellant STEVEN LEE GORDON.

Judgment entered this 7th day of April, 2015.