**Dismissed and Memorandum Opinion filed July 28, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00409-CV

---

### EUGENE JENKINS, Appellant

### V.

### FORT BEND COUNTY DISTRICT ATTORNEY, Appellee

---

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCV-197872**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed November 17, 2014. Appellant's notice of appeal was filed May 4, 2015.

The notice of appeal must be filed within 30 days after the judgment is signed when appellant has not filed a timely post-judgment motion. *See* Tex. R. App. P. 26.1. In his notice of appeal, appellant claims he did not receive notice of the court's judgment until April 20, 2015.

To modify the periods under the Texas Rules of Appellate Procedure for perfecting an appeal, appellant was required to prove in the trial court, on sworn motion and notice, the date on which he first either received a notice of the judgment or acquired actual knowledge of the signing, and to obtain a signed order from the trial court finding the date when he first received notice or acquired actual knowledge. *See* Tex. R. App. P. 4.2 (trial court must sign written order finding date of notice); Tex. R. Civ. P. 306a.5 (party must prove date in trial court on sworn motion and notice); *Florance v. State*, 352 S.W.3d 867, 873 (Tex. App.—Dallas 2011, no pet.) (appellate period was not reset where party failed to obtain finding from trial court regarding date party acquired actual knowledge of judgment).

The appellant did not obtain a signed order from the trial court finding the date when appellant first received notice or acquired actual knowledge of the judgment. Because appellant failed to obtain a signed order from the trial court, appellant's deadline for filing the notice of appeal was not extended. *See* Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a. Appellant's notice of appeal remained due on or before December 17, 2014.

Appellant's notice of appeal was not filed timely. On June 3, 2015, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant filed no response.

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Boyce, McCally, and Donovan.

2