**Opinion issued October 21, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00593-CV

————————————

**UNITY NATIONAL BANK, Appellant**

**V.**

**JOHN SCROGGINS, Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-31933**

---

## MEMORANDUM OPINION

Appellant, Unity National Bank ("Unity"), challenges the trial court's rendition of summary judgment in favor of appellee, John Scroggins, in Scroggins' suit against Unity for breach of contract. In four issues, Unity contends that the trial court erred in granting Scroggins summary judgment.

We dismiss the appeal for lack of jurisdiction.[1]

**Background**

In his petition, Scroggins alleged that he was previously employed as the president and chief executive officer ("CEO") of Unity. Scroggins signed an employment agreement dated May 11, 2010, which had an effective date of May 1, 2010. On April 13, 2017, Kase Lawal, the chairman of the board of directors for Unity, terminated Scroggins' employment as president and CEO without cause. According to Scroggins, the termination of his employment without cause "triggered the severance provisions contained in [section] 2.2.3. of [his] [e]mployment [a]greement." Under the employment agreement, Unity was supposed to pay Scroggins "an amount equal to [twenty-two] days of earned vacation time and a severance payment equal [to] six months['] salary."

Yet, on April 13, 2017, Unity made "offers of severance conditioned upon Scroggins' agreement to release [Unity] and its officers, directors, representatives[,] and agents from any and all claims" and to not compete with Unity. Scroggins did not agree to release Unity and did not sign a covenant not to compete. On May, 2, 2017, Scroggins demanded immediate payment of his severance payment and for his accrued unused vacation time, but Unity did not pay.

---

[1] In accordance with Texas Rule of Appellate Procedure 42.3, we provided Unity with notice of our intention to dismiss for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Unity filed a response to our notice on August 12, 2021.

Scroggins brought a breach-of-contract claim against Unity, alleging that section 2.2.3 of the employment agreement states that Unity may terminate Scroggins' employment without cause, but, in that event, Scroggins shall be entitled to a severance payment as liquidated damages in an amount equal to six months of his base salary and a payment for all of his unused vacation time. Scroggins also alleged that Unity breached the employment agreement because Scroggins' employment was terminated by Unity without cause and Unity failed to pay Scroggins his severance payment and for twenty-two days of his unused vacation time. Scroggins requested damages, attorney's fees, and costs.

Unity answered, generally denying the allegations in Scroggins' petition and asserting certain defenses including that the employment agreement had expired, the employment agreement was not valid, Scroggins resigned as president and CEO of Unity, and Scroggins' employment was not terminated by Unity.

Scroggins moved for partial summary judgment,[2] asserting that he was entitled to judgment as a matter of law on his breach-of-contract claim. Unity did not respond to Scroggins' partial-summary-judgment motion. On January 7, 2020,

---

[2]  Scroggins titled this motion: "Plaintiff's Second Amended Motion for Partial Summary Judgment." The motion addressed Unity's liability and Scroggins' damages related to Scroggins' breach-of-contract claim, but it did not address Scroggins' claim for attorney's fees.

the trial court granted Scroggins partial summary judgment on his breach-of-contract claim.

Scroggins then filed a motion for partial summary judgment on his claim for attorney's fees,[3] asserting that he was entitled to judgment as a matter of law on his attorney's fees claim. Scroggins stated that the trial court had granted his previous partial-summary-judgment motion "on the issue[s] of liability and . . . damages" related to his breach-of-contract claim against Unity, and as a result of Unity's breach of the employment agreement, Scroggins was forced to retain counsel and pursue enforcement of his breach-of-contract claim. Scroggins requested $22,844.00 in attorney's fees and $1,882.08 in costs. Scroggins also requested certain "conditional [appellate attorney's] fees if further action [was] taken in th[e] matter and in the event of an appeal."

In response to Scroggins' partial-summary-judgment motion on his attorney's fees claim, Unity argued that Scroggins was not entitled to judgment as a matter of law on his claim for attorney's fees because "there [was] a genuine issue of material fact regarding [Unity's] liability" related to Scroggins' breach-of-contract claim.

Unity also filed a motion for reconsideration of the trial court's January 7, 2020 order granting Scroggins partial summary judgment on his breach-of-contract

---

[3]     Scroggins titled this partial-summary-judgment motion: "Plaintiff's Motion for Final Summary Judgment."

claim. And Unity requested leave to file a response to Scroggins' partial-summary-judgment motion on his breach-of-contract claim. In its motion for reconsideration, Unity asserted that Scroggins had failed to establish that he was entitled to judgment as a matter of law on his breach-of-contract claim.

On May 21, 2020, the trial court granted Scroggins' partial-summary-judgment motion on his attorney's fees claim and entered final judgment in favor of Scroggins on his claims for breach of contract and attorney's fees. The trial court awarded Scroggins $117,513.77 in damages for his breach-of-contract claim, $22,840.00 in attorney's fees, and $1,882.08 in costs. It also awarded Scroggins certain conditional appellate attorney's fees.

On July 16, 2020, Unity filed a sworn Texas Rule of Civil Procedure 306a motion for reinstatement and extension of post-judgment deadlines.[4] Unity asserted that it did not receive notice and did not obtain actual knowledge of the trial court's May 21, 2020 final judgment within twenty days of the date the judgment was signed. Instead, Unity, through its attorney, first received notice or obtained actual knowledge of the trial court's final judgment on June 23, 2020. Thus, according to Unity, the time periods for the trial court to exercise plenary power and for Unity to file various post-judgment motions, including a motion for new trial, should be deemed to have begun to run on June 23, 2020—the date it first received notice or

---

[4] *See* TEX. R. CIV. P. 306a(4), (5).

obtained actual knowledge of the trial court's final judgment. Unity attached to its motion a declaration of its trial counsel.

After Scroggins responded to Unity's Texas Rule of Civil Procedure 306a motion for reinstatement and extension of post-judgment deadlines,[5] the trial court, on July 22, 2020, held a hearing on Unity's motion.[6] At the conclusion of the hearing, the trial court stated orally that it "grant[ed]" Unity's motion. The trial court did not sign a written order finding "the date when [Unity] or [Unity's] attorney first . . . received notice or acquired actual knowledge that the [trial court's] judgment . . . was signed."[7]

On July 23, 2020, Unity filed a motion for new trial.[8] On August 18, 2020, Unity filed its notice of appeal.

## Jurisdiction

"[C]ourts always have jurisdiction to determine their own jurisdiction," and "[a]ppellate jurisdiction is never presumed." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *Florance v. State*, 352 S.W.3d 867, 871 (Tex. App.—Dallas 2011, no pet.); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no

---

[5] Unity filed a reply to Scroggins' response.

[6] *See* TEX. R. CIV. P. 306a(5).

[7] *See* TEX. R. APP. P. 4.2(c).

[8] Scroggins and Unity filed various responses and replies to the new-trial motion.

pet.) (jurisdiction fundamental in nature and cannot be ignored). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). If this is an appeal over which we have no jurisdiction, it must be dismissed. *Ragsdale*, 273 S.W.3d at 763.

Any party "seek[ing] to alter the trial court's judgment" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). Generally, if a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of the party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

A notice of appeal is usually due within thirty days after a trial court's judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). To be considered timely, a motion for new trial must be filed within thirty days after the judgment is signed. TEX. R. CIV. P. 329b(a).

7

There is a limited exception to the preceding deadlines when a party lacks notice and actual knowledge of the trial court's judgment. *See JRJ Invs., Inc. v. Artemis Global Bus., Inc.*, No. 01-19-00004-CV, 2019 WL 6315195, at *2 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019, no pet.) (mem. op.). Texas Rule of Civil Procedure 306a(3) requires the trial court clerk to immediately notify the parties in writing when a judgment has been entered. *See* TEX. R. CIV. P. 306a(3); *see also Herrera v. Germania Farm Mut. Ins. Ass'n*, No. 13-18-00606-CV, 2019 WL 613348, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 14, 2019, no pet.) (mem. op.). This is because the deadline for filing a post-judgment motion as well as a notice of appeal runs from the date a judgment is signed. *See* TEX. R. CIV. P. 306a(1); TEX. R. APP. P. 26.1; *see also Herrera*, 2019 WL 613348, at *2. If a party does not receive this notice or acquire actual knowledge of the trial court's judgment within twenty days of the date on which the trial court signed the judgment, the party may rely on Texas Rule of Appellate Procedure 4.2 to extend the deadline to file its notice of appeal. *See* TEX. R. APP. P. 4.2 ("No Notice of Trial Court's Judgment in Civil Case"); *JRJ Invs.*, 2019 WL 6315195, at *2. Under rule 4.2, if a party affected by a judgment has not, within twenty days after the judgment was signed, either received notice as required by Texas Rule of Civil Procedure 306a(3) or acquired actual knowledge of the signing of the judgment, then the period of time for filing a notice of appeal begins to run from the date the party received notice or acquired actual

8

knowledge of the trial court's judgment, rather than the date the judgment was signed.[9] TEX. R. APP. P. 4.2(a)(1); *Florance*, 352 S.W.3d at 872–73. In other words, a party may use rule 4.2 to extend the deadline to file its notice of appeal so that the period to file its notice of appeal runs from the date that the party received notice or acquired actual knowledge of the trial court's judgment. *See* TEX. R. APP P. 4.2(a)(1); *JRJ Invs.*, 2019 WL 6315195, at *2; *see also Johnson v. Linebarger Goggan Blair & Sampson, LLP*, No. 01-15-00950-CV, 2017 WL 1173886, at *2 (Tex. App.—Houston [1st Dist.] Mar. 30, 2017, no pet.) (mem. op.) ("When more than twenty days have passed between the date that the trial court signs the order and the date that a party receives notice or acquires actual knowledge of the signing, the period for filing a notice of appeal may be extended to the earlier of the date the party received notice or acquired actual knowledge of the signing.").

But Texas Rule of Appellate Procedure 4.2 is not self-executing. *JRJ Invs.*, 2019 WL 6315195, at *2; *see also In re R.G.A.C.L.G.*, No. 05-19-00846-CV, 2020 WL 4281953, at *2 (Tex. App.—Dallas July 27, 2020, no pet.) (mem. op.). To extend a deadline to file a notice of appeal, a party must file a sworn motion in the trial court to prove the date on which it received notice or acquired actual knowledge of the trial court's judgment. TEX. R. APP. P. 4.2(b); *see also* TEX. R. CIV. P. 306a(5);

---

[9] Texas Rule of Appellate Procedure 4.2 specifies that in no event may the period of time for filing a notice of appeal begin more than ninety days after a judgment is signed. *See* TEX. R. APP. P. 4.2(a)(1).

*Herrera*, 2019 WL 613348, at \*2 ("To benefit from the extension of time . . . , the movant must prove, on sworn motion and notice, the date on which it first received notice or acquired actual knowledge of the judgment—a date that must be more than twenty days after the date the order was signed."); *Johnson*, 2017 WL 1173886, at \*2; *Florance*, 352 S.W.3d at 872 ("[T]he period for filing an appeal from the judgment begins to run from the date the party received notice or acquired actual knowledge of the judgment, rather than the date the judgment is signed, if the party (1) complies with the sworn motion, notice, and hearing requirements mandated by [Texas] [R]ule [of Civil Procedure] 306a(5), and (2) proves he received notice of the judgment more than twenty but less than ninety-one days after it was signed."). That motion must be filed within thirty days of the party first receiving notice or acquiring actual knowledge of the trial court's judgment. *Herrera*, 2019 WL 613348, at \*2. The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction "for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006); *see also Florance*, 352 S.W.3d at 872–73. After a hearing on the motion, the trial court *must* sign a *written order* specifying the date when the party or the party's attorney first received notice or acquired actual knowledge of the trial court's judgment. TEX. R. APP. P. 4.2(c); *Johnson*, 2017 WL

10

1173886, at *2; *Florance*, 352 S.W.3d at 872–73; *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 540 (Tex. App.—Houston [1st Dist.] 2003, no pet.). This requirement is jurisdictional. *See* TEX. R. APP. P. 4.2(c); *Scott v. Healey*, No. 01-04-00716-CV, 2005 WL 1776234, at *2 (Tex. App.—Houston [1st Dist.] July 28, 2005, no pet.) (mem. op.); *Moore Landrey*, 126 S.W.3d at 540; *see also Florance*, 352 S.W.3d at 873 ("For purposes of appellate jurisdiction, the trial court must sign a written order specifying the date when the party or the party's attorney first learned of the judgment."). The party seeking to extend the notice-of-appeal deadline bears the burden of proof and cannot extend its deadline to file a notice of appeal if it does not secure a written ruling on its motion from the trial court. TEX. R. APP. P. 4.2(c); *see also JRJ Invs.*, 2019 WL 6315195, at *2–3; *Johnson*, 2017 WL 1173886, at *2; *Moore Landrey*, 126 S.W.3d at 540.

The record reflects that the trial court signed its final judgment on May 21, 2020. A motion for new trial, if any, was due on June 22, 2020. *See* TEX. R. CIV. P. 329b(a); *see also* TEX. R. CIV. P. 4. Unity did not file its motion for new trial on or before June 22, 2020, thus, its notice of appeal was due on June 22, 2020.[10] *See* TEX.

---

[10] The deadline for Unity to file its notice of appeal could have been extended to July 7, 2020, if within fifteen days of the deadline for filing the notice of appeal, Unity filed its notice of appeal and a motion for extension of time that complied with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3. Although July 7, 2020 is after June 23, 2020—the date that Unity asserted it first received notice or obtained actual knowledge of the trial court's judgment—no notice of appeal and motion for extension of time were filed by July 7, 2020.

R. APP. P. 26.1; *see also* TEX. R. APP. P. 4.1(a). Unity filed its notice of appeal on August 18, 2020, well passed the thirty-day deadline provided for by Texas Rule of Appellate Procedure 26.1.

In response to our notice of our intention to dismiss this appeal for lack of jurisdiction, Unity states that on July 16, 2020, it filed a sworn Texas Rule of Civil Procedure 306a motion for reinstatement and extension of post-judgment deadlines, asserting that it did not receive notice and did not obtain actual knowledge of the trial court's May 21, 2020 final judgment within twenty days of the date the judgment was signed, and it, through its attorney, first received notice or obtained actual knowledge of the trial court's final judgment on June 23, 2020. *See* TEX. R. APP. P. 4.2; *see also* TEX. R. CIV. P. 306a(4), (5). The trial court held a hearing on Unity's motion, but the trial court did not sign a *written order* finding "the date when [Unity] or [Unity's] attorney first . . . received notice or acquired actual knowledge that the [trial court's] judgment . . . was signed." TEX. R. APP. P. 4.2(c). Unity acknowledges in its response that the trial court *did not* sign a written order. *Cf. JRJ Invs.*, 2019 WL 6315195, at *3.

Texas law is clear that without a written order signed by the trial court finding the date when Unity or Unity's attorney first received notice or acquired actual knowledge of the trial court's judgment, the time for filing Unity's notice of appeal cannot be extended, and the period for filing a notice of appeal of the trial court's

12

May 21, 2020 final judgment began on the date the judgment was signed. *See Herrera*, 2019 WL 613348, at *3; *Smith v. Aldine Indep. Sch. Dist.*, No. 01-17-00700-CV, 2017 WL 5623579, at *1 (Tex. App.—Houston [1st Dist.] Nov. 21, 2017, pet. denied) (mem. op.); *Willie v. State*, No. 01-16-00840-CV, 2017 WL 3526760, at *3 (Tex. App.—Houston [1st Dist.] Aug. 17, 2017, no pet.) (mem. op.); *Johnson*, 2017 WL 1173886, at *2; *Gabe Reed Prods. LLC v. Starbase Aviation, LLC*, No. 01-1200512-CV, 2012 WL 4857464, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 11, 2012, no pet.) (mem. op.); *Nedd-Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612, 613 (Tex. App.—Dallas 2010, no pet.) (without written order from trial court "there can be no extension of the appellate timetables"); *Scott*, 2005 WL 1776234, at *2–3; *see also* Tex. R. App. P. 4.2(c) ("[T]he trial court *must* sign a *written order* that finds the date when the party or the party's attorney first . . . received notice or acquired actual knowledge that the judgment . . . was signed." (emphasis added)). We have no authority to relax Unity's notice of appeal deadline beyond what the Texas Rules of Appellate Procedure will allow.[11] *See* Tex.

---

[11]     We deny Unity's request to abate this appeal. *See Scott v. Healey*, No. 01-04-00716-CV, 2005 WL 1776234, at *2–3 (Tex. App.—Houston [1st Dist.] July 28, 2005, no pet.) (mem. op.); *see also Cantu v. Longoria*, 878 S.W.2d 131, 131–32 (Tex. 1994) (providing when trial court fails to determine when party received notice of judgment under Texas Rule of Appellate Procedure 4.2(c)'s predecessor, recourse is available by mandamus relief). Although Unity states that it "should not be punished because of the trial court's failure to sign a . . . written order," as the party seeking to extend the notice-of-appeal deadline, it bears the burden of compliance with Texas Rule of Appellate Procedure 4.2.

13

R. APP. P. 2 (appellate court cannot suspend rules in manner that would alter time to perfect appeal); *JRJ Invs.*, 2019 WL 6315195, at \*3.

Because Unity's notice of appeal was due to be filed no later than June 22, 2020, or July 7, 2020 with a fifteen-day extension, the notice of appeal filed on August 18, 2020 was untimely. Thus, we hold that this Court lacks jurisdiction over Unity's appeal, and we must dismiss the appeal for lack of jurisdiction. *See JRJ Invs.*, 2019 WL 6315195, at \*3; *Smith*, 2017 WL 5623579, at \*1 (because appellant did not follow procedure required by Texas Rule of Appellate Procedure 4.2, appellate court lacked jurisdiction over her attempted appeal); *Willie*, 2017 WL 3526760, at \*3; *Johnson*, 2017 WL 1173886, at \*2–3; *Gabe Reed Prods.*, 2012 WL 4857464, at \*1–2; *Nedd-Johnson*, 338 S.W.3d at 613; *Scott*, 2005 WL 1776234, at \*2–3; *see also Jack M. Sanders Family Ltd. P'ship v. Roger T. Friedman Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (appellate court must dismiss appeal unless record affirmatively shows appellate jurisdiction exists); *Ragsdale*, 273 S.W.3d at 763.

## Conclusion

We dismiss the appeal for lack of jurisdiction.


Julie Countiss
Justice

Panel consists of Justices Goodman, Landau, and Countiss.