**Dismissed and Opinion Filed April 27, 2023.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01369-CR**

**EX PARTE SEAN LEYENDECKER**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-03832-2022**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Partida-Kipness

Before the Court is the State's motion to dismiss the appeal for want of jurisdiction and appellant's response. Concluding we lack jurisdiction, we grant the State's motion and dismiss the appeal.

## BACKGROUND

On July 7, 2022, appellant was arrested for sexual assault of a child. His bond was initially set at $100,000. On July 22, 2022, appellant filed an application for writ of habeas corpus seeking a bond reduction. The district clerk assigned the habeas proceeding cause number 219-03832-2022. On August 4, 2022, the trial court signed an order granting habeas relief, reducing appellant's bond to $20,000, and modifying the standard bond conditions to include restrictions on appellant's internet use and

require that appellant wear an ankle monitor. Appellant did not appeal the trial court's order.

On December 2, 2022, appellant filed a motion to amend the terms and conditions of his bond (the December 2 motion). He filed the December 2 motion in cause number 219-03832-2022, the prior habeas proceeding. The motion did not assert appellant was restrained illegally and did not indicate he was seeking habeas relief.

The trial court conducted a hearing on the December 2 motion and described the hearing as "a request to change conditions but not the bond amount. . . ." No one mentioned habeas relief during the hearing. The trial court modified the conditions of appellant's bond to allow him some limited use of the internet but did not remove the requirement that he wear an ankle monitor. The trial court issued its ruling in a December 16, 2022 order titled "Amended Bond Conditions" and styled as being issued in the habeas proceeding of *Ex parte Sean Leyendecker,* cause number 219-03832-2022. Appellant then filed a notice of appeal seeking to appeal the trial court's December 16, 2022 "order denying pretrial habeas corpus relief."

**THE MOTION TO DISMISS AND RESPONSE**

On January 11, 2023, the State filed a motion to dismiss this appeal. The State maintains the trial court lacked subject matter jurisdiction to entertain the December 2 motion because appellant filed that motion in the habeas proceeding (i.e., cause number 219-03832-2022) after the trial court lost plenary jurisdiction

over that proceeding. The State concludes the resulting order is a legal nullity that cannot trigger appellate jurisdiction.

Appellant responded to the State's motion on January 30, 2023. In his response, appellant urges this Court to conclude the trial court retained jurisdiction to consider the December 2 motion after the court's plenary power expired. He compares this case to situations in which statutes give trial courts the jurisdiction to consider matters after their plenary power expires, such as granting shock probation, considering post-conviction habeas applications filed under article 11.072, and ruling on post-conviction DNA testing. He contends a similar grant of authority must be read into chapter seventeen of the code of criminal procedure and more specifically into article 17.09, section one, which provides trial courts with continuing jurisdiction over pretrial bond matters. *See* TEX. CODE CRIM. PROC. art. 17.09, §1. Appellant maintains article 17.09 prevents "disorganized chaos" and invokes in the trial court continuing jurisdiction to consider bond modifications. According to appellant, not allowing the trial court to exercise continuing jurisdiction requires a defendant to file repeated habeas applications to adjust his bond conditions, each of which might land in different courts. Appellant insists the same difficult circumstances would exist regarding bond revocations under article 17.40(b).

## ANALYSIS

A pretrial habeas proceeding is a separate criminal action from the underlying trial proceedings and an order ruling on a pretrial habeas application is final and appealable. *Greenwell v. Ct. of App. For Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005). A defendant desiring to appeal the denial of habeas relief must file a notice of appeal within thirty days of the entry of the final order. *See* TEX. R. APP. P. 26.2(a)(1); *Ex parte Matthews*, 452 S.W.3d 8, 10 (Tex. App.—San Antonio 2014, no pet.). Unless the defendant files a timely post-judgment motion, the trial court's plenary power over the cause generally expires thirty days after the final order is issued. *See Matthews*, 452 S.W.3d at 10. After its plenary power over a cause expires, the trial court generally lacks the authority to take any action in the cause. *Id.* at 13 (first citing *State v. Garza*, 442 S.W.3d 585, 588 n. 3 (Tex. App.—San Antonio 2014, no pet.), next citing *Florance v. State*, 352 S.W.3d 867, 874 n. 5 (Tex. App.—Dallas 2011, no pet.), and then citing *In re State ex rel. Sistrunk*, 142 S.W.3d at 503)). Indeed, "any action taken by a trial court after it loses plenary power is void." *Florance*, 352 S.W.3d at 874 (first citing *In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998) (per curiam) (original proceeding) (order granting new trial after expiration of plenary power is void for want of jurisdiction) then citing *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.) ("Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void.")).

–4–

Here, the trial court entered a final order in the habeas proceeding on August 4, 2022. Appellant did not file a post-judgment motion concerning that ruling and did not appeal that ruling. The trial court's plenary power over that cause, therefore, expired on Tuesday, September 6, 2022, following the Labor Day holiday. *See Matthews*, 452 S.W.3d at 13. The trial court lacked authority to take any action in cause number 219-03832-2022 after September 6, 2022, when its plenary power expired. *See id.*; *see also Florance*, 352 S.W.3d at 874. Accordingly, the trial court lacked the subject matter jurisdiction to entertain the December 2 motion, and the December 16, 2022 order was a legal nullity in the habeas corpus action. Because the trial court's plenary power in the habeas corpus action expired before it issued the December 16, 2022 order, that order could not, and did not, extend or reset the appellate timetable. Appellant's notice of appeal was, therefore, not timely filed, and this Court's appellate jurisdiction has not been invoked.

Appellant insists Article 17.09 extended the trial court's plenary power because "the judge who sets bail which is posted controls the case to include modifications to the bond by motion or, in certain instances, the bond is held insufficient." We disagree.

Jurisdiction "is conferred by constitution or by statute." *State v. Brent*, 634 S.W.3d 911, 916 (Tex. Crim. App. 2021) (quoting *State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App. 2002) (plurality op.)). "Plenary power does not create jurisdiction where none exists under the law; instead, it is a phrase used to describe

–5–

'a court's full and absolute power over the subject matter and the parties in a case,' which only exists as defined by statute or rule." *Ex parte Donaldson*, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002) (Keasler, J., concurring) (footnote omitted) (quoting plenary power, BLACK'S LAW DICTIONARY 689 (7th ed. abridged 2000)).

Article 17.09 does not extend a court's plenary power over a habeas proceeding resulting in a final order that is not appealed. Rather, it establishes the authority of any court in which a cause is pending to review a bond and contemplates that a cause may be assigned to different trial courts during its pendency. Article 17.09, section 1 provides that once a defendant has posted bond, that bond is valid and binding for the duration of the case before the trial court, any transferee court, and for all subsequent proceedings relative to the charge. *See* TEX. CODE CRIM. PROC. art. 17.09, § 1. Thus, the bond and the requirement that the defendant appear for trial proceedings follow the defendant's case regardless of the court to which the case may be assigned. *See id*. Once a criminal defendant has posted a bond, the defendant may not be required to post another bond in the same criminal action. *Id*. at art. 17.09, § 2; *Ex parte Gomez*, 624 S.W.3d 573, 575 (Tex. Crim. App. 2021). However, the trial court may require the bond be adjusted if the trial court "in whose court such action is pending" determines the bond is defective, excessive, or insufficient, has unacceptable sureties, or for other good and sufficient cause. *Id*. at art. 17.09, § 3; *Gomez*, 624 S.W.3d at 575–76. We decline to imply an extended

plenary period for bond reductions sought under Article 17.09 or bond revocations under Article 17.40.

This conclusion is consistent with the plain terms of Article 17.09. The statute acknowledges that a cause may be transferred to different trial courts during its pendency and any court in which the cause is "pending" may review the bond. TEX. CODE CRIM. PROC. art. 17.09, § 3. But a cause is no longer pending after the trial court's plenary power has expired. *Kubovy v. Cypress-Fairbanks Indep. Sch. Dist.*, 972 S.W.2d 130, 132 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("A cause is considered to be pending in a trial court even after a final judgment is entered so long as the trial court retains its plenary power to vacate or modify the judgment or to grant a motion for new trial under Rule 329b of the Texas Rules of Civil Procedure."); *see also Schwartz v. Jefferson*, 520 S.W.2d 881, 885–86 (Tex. 1975) (holding that a suit is no longer "pending" after it has proceeded to a final judgment from which no appeal was perfected); TEX. R. CIV. P. 329b(e). Here, the trial court's plenary power over cause number 219-03832-2022 expired on September 6, 2022, and the trial court lacked authority to take any action in that cause after September 6, 2022. *See Matthews*, 452 S.W.3d at 13; *see also Florance*, 352 S.W.3d at 874. Article 17.09 did not extend the trial court's plenary power in the habeas proceeding. This case, therefore, must be dismissed.

## CONCLUSION

Because the trial court's plenary power in the habeas corpus action expired before it issued the December 16, 2022 order, that order could not, and did not, extend or reset the appellate timetable. Appellant's notice of appeal was, therefore, not timely filed, and this Court's appellate jurisdiction has not been invoked. Accordingly, we grant the State's motion to dismiss and dismiss this case for want of jurisdiction.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Kennedy, J., concurring.

Do Not Publish
TEX. R. APP. P. 47.2(b)
221369F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE SEAN LEYENDECKER

No. 05-22-01369-CR

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-03832-2022.
Opinion delivered by Justice Partida-Kipness. Justices Nowell and Kennedy participating.

Based on the Court's opinion of this date, we **GRANT** the State's motion to dismiss and **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 27th day of April, 2023.